**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 4 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THOMAS WALKER, Individually and on**
**Behalf of All Others Similarly Situated**                                **PLAINTIFF**

vs.                                        No. 4:20-cv-713 - JM

**PINNACLE ELECTRIC, INC.,**                                **DEFENDANTS**
**and TONY CARLIN**
                    This case assigned to District Judge Moody
                    and to Magistrate Judge Kearney
**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Thomas Walker ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Blake Hoyt and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Pinnacle Electric, Inc., and Tony Carlon (collectively "Defendant" or "Defendants"), and in support thereof, he does hereby state and allege as follows:

## I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), and Ark. Code Ann. § 11-4-405.

2.    Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and others similarly situated individuals proper minimum and overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3.     Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims.

6.     This Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.     Defendant conducts business within the State of Arkansas.

8.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

9.     Plaintiff was employed at Defendant's business in the Central Division of the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

10.     Plaintiff is a citizen of the United States and a resident and domiciliary of the Arkansas.

11.     Separate Defendant Pinnacle Electric, Inc. ("Pinnacle Electric"), is a domestic, for-profit corporation.

12.     Pinnacle Electric's registered agent for service is Workman Business Services, Inc., at 203 Murphy Drive, Maumelle, Arkansas 72113.

13.     Separate Defendant Tony Carlin ("Carlin") is an individual and resident of Arkansas.

## IV.     FACTUAL ALLEGATIONS

14.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15.     Carlin is the owner, principal, officer and/or director of Pinnacle Electric.

16.     Carlin manages and controls the day-to-day operations of Pinnacle Electric, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week

17.     During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles and tools.

18.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

19.     During each of the three years preceding the filing of this Original Complaint, Defendant continuously employed at least four employees.

20.     Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21.     Defendant employed Plaintiff as an Electrician from 2015 until January of 2020.

22.     At all times material hereto, Plaintiff and similarly situated Electricians were entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

23.     Plaintiff and similarly situated Electricians were classified as independent contractors and were generally paid between $17.00 and $25.00 per hour.

24.     Plaintiff and similarly situated Electricians worked over forty hours per week on a regular, typical basis.

25.     Defendant failed to pay Plaintiff and similarly situated Electricians an overtime premium for all hours worked over forty in a week.

26.     Electricians drove company vehicles.

27.     Electricians used some of Defendant's tools.

28.     Defendant expected Plaintiff and other Electricians to follow Defendant's policies regarding their employment.

29.     Plaintiff and other Electricians did not manage Defendant's enterprise or a customarily recognized subdivision of the enterprise.

30.     Plaintiffs and other Electricians did not exercise discretion and independent judgment with respect to any matters of significance.

31.     Plaintiffs and other Electricians were hired to work for Defendant for a continuous and ongoing period of time.

32.    Plaintiff and other Electricians did not have any control of or authority over any employee's rate of pay or working hours.

33.    Defendant determined the Electricians' pay scale for services without input from or negotiation with Electricians.

34.    Defendant set prices for services without input from or negotiation with Electricians.

35.    Defendant made decisions on advertising Defendant's business without Electrician input.

36.    Defendant made decisions on what new business to pursue or take without Electrician input.

37.    Plaintiff and other Electricians did not negotiate contracts or prices with Defendant's customers.

38.    Defendant directed the Electricians.

39.    Electricians were assigned jobs, and they were not allowed to refuse a job or request a different job.

40.    Electricians had no opportunity to share in Defendant's profits.

41.    Electricians did not share in Defendant's losses.

42.    Plaintiff and other Electricians were and are entitled to lawful minimum wages for all hours worked and overtime wages for all hours worked over forty (40) per week.

43.    It was Defendant's commonly applied practice to not pay Plaintiff and other Electricians lawful overtime wages for all hours worked in excess of forty (40) per week.

44.     Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other Electricians violated the FLSA and the AMWA.

45.     Plaintiff employment was terminated in January of 2020, but Plaintiff has not received his final paycheck.

46.     Because Plaintiff did not receive his final paycheck, he was not paid for the hours he worked during that pay period and therefore did not receive minimum wage for hours worked during that pay period.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

47.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48.     Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

49.     Plaintiff brings his FLSA claim on behalf of all Electricians employed by Defendant at any time within the applicable statute of limitations period who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful minimum wage for all hours worked for Defendant up to forty (40) hours in a workweek and payment of lawful overtime wages for all hours worked for Defendant over forty (40) hours in a workweek;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

50.     Plaintiffs propose the following collective under the FLSA:

**All Electricians within the past three years.**

51.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file his written Consent to Join this lawsuit.

52.     The relevant time period dates back three years from the filing of this Original Complaint and continues forward through the date of judgment, pursuant to 29 U.S.C. § 255(a).

53.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendant as independent contractors;

B.      They were subject to Defendant's common pay policy and practice of not paying an overtime premium for hours worked over forty in a week; and

C.      They were subject to the numerous other policies and practices as described above.

54.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds fifteen (15) persons.

55.     Defendant can readily identify the members of the Section 16(b) collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email, and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.     FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

56.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint

as though fully incorporated in this section.

57.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

59.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60.     29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and overtime wages of one and one-half times the regular rate of pay for all hours worked over forty (40) in one week unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

61.     During the period relevant to this lawsuit, Defendant misclassified Plaintiff as independent contractors.

62.     Despite the entitlement of Plaintiff to overtime wages under the FLSA, Defendant failed to pay Plaintiff an overtime premium for all hours worked over forty (40) in each one-week period.

63.     Defendant failed to pay Plaintiff minimum wage for Plaintiff's final pay period.

64.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

65.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.    SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

66.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

67.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

68.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

69.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

70.    Despite the entitlement of Plaintiff to overtime wages under the AMWA, Defendant failed to pay Plaintiff overtime wages for all hours worked over forty (40) in each one-week period.

71.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

72.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Arkansas Code Annotated § 11-4-218.

## VIII.   THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

73.    Plaintiff repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

74.    Plaintiff, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

75.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

76.    During the period relevant to this lawsuit, Defendant misclassified Plaintiff and all similarly situated members of the FLSA collective as independent contractors.

77.    Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

78.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

79.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

80.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff

Case 4:20-cv-00713-JM   Document 1   Filed 06/04/20   Page 11 of 13

and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   FOURTH CAUSE OF ACTION
### (Individual Claim for Violation of Ark. Code Ann. § 11-4-405)

81.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

82.    Plaintiff asserts this claim for damages and declaratory relief pursuant to Ark. Code Ann. § 11-4-405.

83.    At all relevant times, Defendant was Plaintiff's employer for purposes of Ark. Code Ann. § 11-4-405.

84.    Ark. Code Ann. § 11-4-405 requires employers to pay all wages due to a discharged employee by the next regular payday.

85.    Defendant discharged Plaintiff but failed to pay Plaintiff all wages due to them within the requisite time period.

86.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Thomas Walker, individually and on behalf of others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.    Certification of a collective action pursuant to the FLSA, with all attendant notices to collective members, and proper procedures, all as set forth above and as to be explained more fully by motion practice;

**Page 11 of 12**
**Thomas Walker, et al. v. Pinnacle Electric, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-____**
**Original Complaint—Collective Action**

B.     A declaratory judgment that Defendant's practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

C.     Judgment for damages for all unpaid minimum and overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

D.     Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

E.     An order directing Defendant to pay Plaintiff and other similarly situated employees prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**THOMAS WALKER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THOMAS WALKER, Individually and on**          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                   No. 4:20-cv-_____

**PINNACLE ELECTRIC, INC.,**                    **DEFENDANTS**
**and TONY CARLIN**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Pinnacle Electric, Inc., and Tony Carlin within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for underpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

**THOMAS WALKER**
June 4, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**