IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THOMAS WALKER                                                                                   PLAINTIFF

v.                                   Case No. 4:20-cv-713-JM

PINNACLE ELECTRIC, INC. and
TONY CARLIN                                                                                     DEFENDANTS

## AMENDED and SUBSTITUTED ORDER

The order entered earlier today (Doc. No. 15) is amended to reflect the correct statute pursuant to which Plaintiff plans to file a motion for attorney's fees, Ark. Code. Ann. §16-22-303.

A hearing was held today on Defendants' motion to enforce the settlement agreement entered into between the parties. The Court heard testimony from Thomas Walker and Tony Carlin followed by arguments from counsel. The parties do not dispute that they met, without counsel, and Carlin gave Walker $1,000 and Walker signed a document in which he agreed to dismiss the lawsuit. Now Walker disputes that the money he received was a settlement of his claims and asserts that it only represented his last paycheck.

Carlin testified that Walker called him on September 1, 2020 after Carlin's girlfriend had died and suggested that the two get together; in that phone conversation Walker also bought up the issue of settling this lawsuit. Carlin testified that Walker told him he wanted to let bygones be bygones and move forward with life. When they met a couple of days later, Carlin testified that he gave Walker $1,000 and a document titled "Acknowledgement of Receipt of Back Wages, Liquidated Damages, and Other Compensation" (the "Acknowledgment") to sign. Carlin testified that the $1,000 represented Walker's last wages ($500) and as well as liquidated

damages ($500) and other compensation as stated in the Acknowledgment. The parties agree that Walker accepted the money and signed the Acknowledgment.

The Acknowledgment is less than a page long and clearly states that "[b]y accepting this payment of wages and/or other compensation due under the FLSA, I agree that I have given up the right to bring suit on my own behalf for payment of such unpaid overtime compensation. . . . I understand that if I have already brought suit alleging payments for the wages, liquidated damages, or other compensation due to me indicated above, that I am obliged to dismiss said lawsuit with prejudice." (Doc. 11-1).

Walker testified that it he did not have his glasses with him when Carlin handed him the paper to sign. There is no evidence he told Carlin that he could not read the document, and Carlin testified that he was not aware that Walker wore glasses. Walker testified that he "was under the impression that [the paper] was a receipt for paying my last check" because the text he had sent to Carlin before calling him said "all I wanted was my last check and he said okay, let's meet trying to get over stuff and that's how that came about." In Arkansas, "one is bound under the law to know of the contents of a paper signed by him and he cannot excuse himself by saying he did not know what it contained." *Metro. Prop. & Cas. Ins. Co. v. Calvin*, 802 F.3d 933, 938 (8th Cir. 2015) (quoting *Carmichael v. Nationwide Life Ins. Co.,* 810 S.W.2d 39, 41 (Ark. 1991).

Given the history of these parties—that Walker had called the sheriff on Carlin to get his tools back after Carlin took the work truck back from him without his knowledge and that Carlin had offered Walker $1,000 shortly after the lawsuit was filed conditioned on Walker signing a waiver which he refused to do at that time—the Court finds it incredible that Walker thought he could accept $1,000 from Carlin because he was "financially strapped" and not think that he was

settling his lawsuit. The Court finds that Walker knew that he was settling his claim at the time he accepted the money and signed the document.[1]

At the hearing, Mr. Sanford indicated that he would like to submit a motion for attorney fees and costs pursuant to Ark. Code Ann. §16-22-303. He has until December 3, 2021 to file that motion.

Defendant's motion to enforce the settlement is GRANTED, and this case is dismissed with prejudice.

IT IS SO ORDERED THIS 9th day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[1] From the emails between the attorneys submitted as part of Defendants' motion, it is also clear that Walker's attorneys were aware that the individual parties had reached a settlement. Ms. Peoples emailed Mr. Sanford on September 4, 2020, stating "I'm sorry you missed your call yesterday afternoon. Mr. Carlin contacted me late yesterday and advised that he and Mr. Walker had come to their own settlement agreement regarding this case." Mr. Sanford responded on September 8, 2020, "[t]hanks for your email. We need to address the issue of attorney's fees and court costs. Is that something Mr. Carlin is interested in doing by agreement or is that something that we take up in a more adversarial context?" (Doc. 11-2).